IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17-CR-22 |
| vs. | |
| YOLANDA OTERO-VALENZUELA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed objections (filing 58; filing 61) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant objects to the presentence investigation report, arguing that the two-level enhancement to the offense conduct required by U.S.S.G. § 2D1.1(b)(1) should not be applied to her case. Filing 58. Specifically, the defendant suggests that there is insufficient evidence to show that the defendant was in possession of a firearm.

Under § 2D1.1(b)(1), a defendant's offense level increases by two levels "[i]f a dangerous weapon (including a firearm) was

possessed." The increase applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1), cmt. n.11(A).

When the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See, United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States v. Myers*, 481 F.3d 1107, 1109-10 (8th Cir. 2007).

The Court will resolve this issue at sentencing.

The defendant also objects to two statements in the presentence report. First, the presentence report states that, according to law enforcement, the defendant and her son were "suppliers of methamphetamine" and had "direct contacts in Mexico." It then states that the defendant, following her arrest, described herself as "the muscle" of a drug operation. According to the defendant, these statements are "based on hearsay" and otherwise unsupported by the evidence. Filing 58; filing 61.

Regarding both statements, it appears to the Court that the presentence report reflects the information currently available to the probation officer, and it is accurate to that extent. The defendant may present other evidence at sentencing for the Court's consideration.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified

that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 9th day of August, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge