IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-22 |
| vs. | ORDER |
| YOLANDA OTERO-VALENZUELA, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (filing 92). The defendant's motion will be denied because she hasn't exhausted her administrative remedies.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting her administrative remedies) move for reduction of her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

But the initial barrier to the defendant's motion is exhaustion of administrative remedies: the Court may consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). In other words, the Court may consider the defendant's motion after either (1) the defendant has fully exhausted all administrative rights to appeal or (2) the lapse of 30 days from the receipt of such a request by the warden. § 3582(c)(1)(A). But neither condition is satisfied here: there is nothing in the defendant's motion to indicate that her request for compassionate release has been presented to the warden of her institution. *See* filing 92. Accordingly, the Court will deny the defendant's motion, without prejudice, pending a showing that her administrative remedies have been sufficiently exhausted as required by § 3582(c)(1)(A).

IT IS ORDERED:

1. The defendant's motion to reduce sentence (filing 92) is denied without prejudice to reassertion subject to exhaustion of her administrative remedies.

2. The Clerk of the Court shall provide a copy of this order to the Federal Public Defender.

Dated this 15th day of July, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

- 2 -